

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXN
ATTORNEY GENERAL

Honorable D. W. Burkhalter, Acting
County Attorney
Throckmorton, Texas

Dear Mr. Burkhalter:

Opinion No. 0-6512

Re: 1. Commissioners' Court cannot
change tax reallocation
without vote of people.

2. Commissioners' Court not
authorized to use surplus
in road bond money for any
other purpose until bonds
are paid.

Your two requests of date April 3, 1945, for an opinion form this Department received. The two questions are unrelated, and we will therefore answer them separately.

"Under the constitutional amendment, adopted November 7th, 1944, can the property taxpaying voters of a county, at a special election called by the Commissioners' Court for that purpose, give the Commissioners' Court the authority to reallocate the tax rate of the county annually for a period of six years. In other words, can the Commissioners' Court change the tax rate each year to suit their needs, without calling a special election each year for that purpose?"

In our opinion this question is answered in the negative by the positive provisions contained in said constitutional amendment, which reads as follows:

"Provided further, that if and when such reallocation and changes in the aforesaid county taxes have been approved by the qualified property taxpaying voters of any county, as herein provided, such reallocation and changes shall remain in force and effect for a period of six years from the date of the election at which the same shall be approved, unless the same again shall have been changed by a majority vote of the qualified property taxpaying voters of such county."

As we interpret the above provision of said constitutional amendment, the question of how the Commissioners' Court may reallocate the taxes must be specifically stated in the ballot that is to be submitted to the voters, and if they vote affirmatively, then the reallocation, as provided by the election, must remain in force for a period of six years, unless the question is again directly submitted to the qualified voters of the county.

For a further discussion of this question and our interpretation thereof, we enclose herewith a copy of our Opinion No. O-6477, approved March 27, 1945, and addressed to Honorable G.C. Murrell, County Judge of Sterling County. We trust this will answer your first question.

In your second question you state that in October, 1927, road bonds totalling $650,000.00 were voted to build specially-designated and named highways; that the bonds therefor were sold and the road built, and there remained in said Bond Fund a surplus of $10,000.00, and that the State of Texas is now taking care of the bonded indebtedness. Under the above facts, you ask this question:

"Can the Commissioners' Court now use this surplus $10,000.00 to buy right-of-way and build fences on another road, farm-to-market road, that will be taken over by the State. If not, for what purpose can this Fund be used for?"

Since the bonds were issued to build particular roads named, said funds cannot be used for any other purpose until said bonded indebtedness is fully paid. It is true at the present, as you state, that the State is now paying these bonds. This is done, however, by each Legislature passing the necessary enactments to authorize same to be done. If the Legislature should fail or refuse to pass such a bill at any session of the Legislature, then the bonds would necessarily have to be paid by the county. The bonds are not obligations of the State, but are the obligations of the county, and until said bonds are paid the county should not use said fund for any other purpose. This is the doctrine laid down by our Supreme Court in the case of Moore v. Coffman, 200 S.W. 374, and the many decisions rendered since that time, which have followed the rule therein stated. See our Opinion No. O-4078, a copy of which we enclose.

In reply to that portion of the question as to what the county may do with said $10,000.00, if the county desires, it can invest same in Government bonds and hold the bonds until the road bond indebtedness is paid. If at any time the county should need this fund to pay any portion of said road bonds, of

course, same could then be cashed.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By s/George W. Barcus
George W. Barcus
Assistant

APPROVED   APR. 16, 1945
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

GWB-mr:mrj:wc

Enclosure


APPROVED
OPINION COMMITTEE
BY BWB, CHAIRMAN